UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BLUEGEM SECURITY, INC. a Delaware corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>TREND MICRO INCORPORATED, a Japanese corporation; and DOES 1-5,<br><br>                    Defendants. | CASE NO. CV09-01492 ODW (FFMx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>NOTE: CHANGES MADE BY THE COURT |
| AND RELATED COUNTERCLAIMS. | |

The parties submitted a Stipulation to Protective Order dated June 30, 2009. After reviewing the stipulation, the Court enters the following protective order.

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery

and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     **DEFINITIONS**

2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4     <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

/ / /

/ / /

2.7     <u>Designating Party</u>: a Party or non-party that designates information

-2-

1   or items that it produces in disclosures or in responses to discovery as "Confidential" or

2   "Highly Confidential – Attorneys' Eyes Only."

3       2.8   <u>Protected Material</u>: any Disclosure or Discovery Material that is

4   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5       2.9   <u>Outside Counsel</u>: attorneys who are not employees of a Party but

6   who are retained to represent or advise a Party in this action.

7       2.10   <u>House Counsel</u>: attorneys who are employees of a Party.

8       2.11   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel

9   (as well as their support staffs).

10      2.12   <u>Expert</u>: a person with specialized knowledge or experience in a

11  matter pertinent to the litigation who has been retained by a Party or its counsel to

12  serve as an expert witness or as a consultant in this action and who is not a past or a

13  current employee of a Party or of a competitor of a Party's and who, at the time of

14  retention, is not anticipated to become an employee of a Party or a competitor of a

15  Party's. This definition includes a professional jury or trial consultant retained in

16  connection with this litigation.

17      2.13   <u>Professional Vendors</u>: persons or entities that provide litigation

18  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

19  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

20  their employees and subcontractors.

21  **3.   <u>SCOPE</u>**

22      The protections conferred by this Stipulation and Order cover not only Protected

23  Material (as defined above), but also any information copied or extracted therefrom, as

24  well as all copies, excerpts, summaries, or compilations thereof, ~~plus testimony,~~

25  ~~conversations, or presentations by parties or counsel to or in court or in other settings~~

26  ~~that might reveal Protected Material.~~  **Any protective measures relating to the use of**

27  / / /

28  **Protected Material in court proceedings must be taken up with the judicial officer**

Stipulated Protective Order
(Case No. CV09-01492 ODW (FFMx))

1    **conducting the particular proceeding**. (*FFM*)

2        **4.    DURATION**

3        Even after the termination of this litigation, the confidentiality obligations

4    imposed by this Order shall remain in effect until a Designating Party agrees otherwise

5    in writing or a court order otherwise directs.

6        **5.    DESIGNATING PROTECTED MATERIAL**

7            5.1    Exercise of Restraint and Care in Designating Material for

8    Protection. Each Party or non-party that designates information or items for protection

9    under this Order must take care to limit any such designation to specific material that

10   qualifies under the appropriate standards. A Designating Party must take care to

11   designate for protection only those parts of material, documents, items, or oral or

12   written communications that qualify – so that other portions of the material,

13   documents, items, or communications for which protection is not warranted are not

14   swept unjustifiably within the ambit of this Order.

15       Mass, indiscriminate, or routinized designations are prohibited. Designations

16   that are shown to be clearly unjustified, or that have been made for an improper

17   purpose (e.g., to unnecessarily encumber or retard the case development process, or to

18   impose unnecessary expenses and burdens on other parties), expose the Designating

19   Party to sanctions.

20       If it comes to a Party's or a non-party's attention that information or items that it

21   designated for protection do not qualify for protection at all, or do not qualify for the

22   level of protection initially asserted, that Party or non-party must promptly notify all

23   other parties that it is withdrawing the mistaken designation.

24           5.2    Manner and Timing of Designations. Except as otherwise provided

25   in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

26   stipulated or ordered, material that qualifies for protection under this Order must be

27   clearly so designated before the material is disclosed or produced.

28       Designation in conformity with this Order requires:

1           (a)    <u>for information in documentary form</u> (apart from transcripts

2 of depositions or other pretrial or trial proceedings), that the Producing Party affix the

3 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4 ONLY" at the top or bottom of each page that contains protected material.

5           A Party or non-party that makes original documents or materials

6 available for inspection need not designate them for protection until after the inspecting

7 Party has indicated which material it would like copied and produced. During the

8 inspection and before the designation, all of the material made available for inspection

9 shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After

10 the inspecting Party has identified the documents it wants copied and produced, the

11 Producing Party must determine which documents, or portions thereof, qualify for

12 protection under this Order, then, before producing the specified documents, the

13 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

14 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page

15 that contains Protected Material.

16           (b)    <u>for testimony given in deposition</u> ~~or in other pretrial or trial~~

17 ~~proceedings~~, that the Party or non-party offering or sponsoring the testimony identify

18 on the record, before the close of the deposition~~, hearing, or other proceeding~~, all

19 protected testimony, and further specify any portions of the testimony that qualify as

20 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical

21 to identify separately each portion of testimony that is entitled to protection, and when

22 it appears that substantial portions of the testimony may qualify for protection, the

23 Party or non-party that sponsors, offers, or gives the testimony may invoke on the

24 record (before the deposition or proceeding is concluded) a right to have up to 20 days

25 to identify the specific portions of the testimony as to which protection is sought and to

26 specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

27 CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the

28 testimony that are appropriately designated for protection within the 20 days shall be

1  covered by the provisions of this Stipulated Protective Order.

2          Transcript pages containing Protected Material must be separately

3  bound by the court reporter, who must affix to the top of each such page the legend

4  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5  ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or

6  presenting the testimony.

7          (c)   for information produced in some form other than

8  documentary, and for any other tangible items, that the Producing Party affix in a

9  prominent place on the exterior of the container or containers in which the information

10  or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY." If only portions of the information or item warrant

12  protection, the Producing Party, to the extent practicable, shall identify the protected

13  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential

14  – Attorneys' Eyes Only."

15          5.3   Inadvertent Failures to Designate. If timely corrected, an

16  inadvertent failure to designate qualified information or items as "Confidential" or

17  "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the

18  Designating Party's right to secure protection under this Order for such material. If

19  material is appropriately designated as "Confidential" or "Highly Confidential –

20  Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

21  on timely notification of the designation, must make reasonable efforts to assure that

22  the material is treated in accordance with the provisions of this Order.

23      **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24          6.1   Timing of Challenges. Unless a prompt challenge to a Designating

25  Party's confidentiality designation is necessary to avoid foreseeable substantial

26  unfairness, unnecessary economic burdens, or a later significant disruption or delay of

27  the litigation, a Party does not waive its right to challenge a confidentiality designation

28  by electing not to mount a challenge promptly after the original designation is

1 disclosed.

2        6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a

3 Designating Party's confidentiality designation must do so in good faith and must

4 begin the process by first identifying the provisions at issue in writing and then

5 conferring directly (in voice to voice dialogue; other forms of communication are not

6 sufficient) with counsel for the Designating Party. In conferring, the challenging Party

7 must explain the basis for its belief that the confidentiality designation was not proper

8 and must give the Designating Party an opportunity to review the designated material,

9 to reconsider the circumstances, and, if no change in designation is offered, to explain

10 the basis for the chosen designation. A challenging Party may proceed to the next stage

11 of the challenge process only if it has engaged in this meet and confer process first.

12        6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a

13 confidentiality designation after considering the justification offered by the

14 Designating Party may file and serve a motion under Civil Local Rule ~~7~~ **37** (*FFM*) (and

15 in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

16 material and sets forth in detail the basis for the challenge. Each such motion must be

17 accompanied by a competent declaration that affirms that the movant has complied

18 with the meet and confer requirements imposed in the preceding paragraph and that

19 sets forth with specificity the justification for the confidentiality designation that was

20 given by the Designating Party in the meet and confer dialogue **and the joint**

21 **stipulation required by Local Rule 37-2.1**. (*FFM*)

22      The burden of persuasion in any such challenge proceeding shall be on the

23 Designating Party. Until the court rules on the challenge, all parties shall continue to

24 afford the material in question the level of protection to which it is entitled under the

25 Producing Party's designation.

26     / / /

27 **7.**    **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

28        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material

that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d)    the Court and its personnel;

/ / /

/ / /

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

1  "Acknowledgment and Agreement to be Bound" (Exhibit A);

2       (f)    during their depositions, witnesses in the action to whom

3  disclosure is reasonably necessary and who have signed the "Acknowledgment and

4  Agreement to be Bound" (Exhibit A). Pages of transcribed deposition testimony or

5  exhibits to depositions that reveal Protected Material must be separately bound by the

6  court reporter and may not be disclosed to anyone except as permitted under this

7  Stipulated Protective Order.

8       (g)    the author of the document or the original source of the

9  information.

10      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY" Information or Items. Unless otherwise ordered by the court or

12  permitted in writing by the Designating Party, a Receiving Party may disclose any

13  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14  ONLY" only to:

15       (a)    the Receiving Party's Outside Counsel of record in this

16  action, as well as employees of said Counsel to whom it is reasonably necessary to

17  disclose the information for this litigation;

18       (b)    Experts (as defined in this Order) (1) to whom disclosure is

19  reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

20  Agreement to be Bound" (Exhibit A);

21       (c)    the Court and its personnel;

22       (d)    court reporters, their staffs, and professional vendors to

23  whom disclosure is reasonably necessary for this litigation and who have signed the

24  "Acknowledgment and Agreement to be Bound" (Exhibit A); and

25       (e)    the author of the document or the original source of the

26  information.

27      7.4    Procedures for Approving Disclosure of "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), and (4) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 **37** (*FFM*) (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure **and the joint stipulation required by Local Rule 37-2.1**. (*FFM*)

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

1  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
2  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
3  all copies of the Protected Material, (c) inform the person or persons to whom
4  unauthorized disclosures were made of all the terms of this Order, and (d) request such
5  person or persons to execute the "Acknowledgment and Agreement to be Bound" that
6  is attached hereto as Exhibit A.

7      **10.   FILING PROTECTED MATERIAL**

8          Without written permission from the Designating Party or a court order secured
9  after appropriate notice to all interested persons, a Party may not file in the public
10 record in this action any Protected Material. A Party that seeks to file under seal any
11 Protected Material must comply with Civil Local Rule 79-5.

12     **11.   FINAL DISPOSITION**

13         Unless otherwise ordered or agreed in writing by the Producing Party, within
14 sixty days after the final termination of this action, each Receiving Party must return all
15 Protected Material to the Producing Party. As used in this subdivision, "all Protected
16 Material" includes all copies, abstracts, compilations, summaries or any other form of
17 reproducing or capturing any of the Protected Material. With permission in writing
18 from the Designating Party, the Receiving Party may destroy some or all of the
19 Protected Material instead of returning it. Whether the Protected Material is returned or
20 destroyed, the Receiving Party must submit a written certification to the Producing
21 Party (and, if not the same person or entity, to the Designating Party) by the sixty day
22 deadline that identifies (by category, where appropriate) all the Protected Material that
23 was returned or destroyed and that affirms that the Receiving Party has not retained any
24 copies, abstracts, compilations, summaries or other forms of reproducing or capturing
25 any of the Protected Material. Notwithstanding this provision, Counsel are entitled to
26 retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
27 correspondence or attorney work product, even if such materials contain Protected
28 Material. Any such archival copies that contain or constitute Protected Material remain

{00386394v1}

-12-

1  subject to this Stipulated Protective Order as set forth in Section 4 (DURATION),

2  above.

3      **12.**    **MISCELLANEOUS**

4      12.1   Right to Further Relief. Nothing in this Order abridges the right of

5  any person to seek its modification by the Court in the future.

6      12.2   Right to Assert Other Objections. By stipulating to the entry of this

7  Stipulated Protective Order no Party waives any right it otherwise would have to object

8  to disclosing or producing any information or item on any ground not addressed in this

9  Stipulated Protective Order. Similarly, no Party waives any right to object on any

10 ground to use in evidence of any of the material covered by this Stipulated Protective

11 Order.

12

13    **IT IS SO ORDERED.**

14

15 Dated:  July 14, 2009

                         / S /  FREDERICK F. MUMM

16                             HON. FREDERICK F. MUMM

                             United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

Stipulated Protective Order
(Case No. CV09-01492 ODW (FFMx))

<u>EXHIBIT A</u>

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

_____ in the case of *BlueGem Security, Inc. v. Trend Micro Incorporated*, Case

No. CV09-01492 ODW (FFMx).  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
             [printed name]

Signature: _____

{00386394v1}